**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SUIRAD GROUP, LLC,** | **SUBCHAPTER V** |
| **Debtor.** | **CASE NO.  25-50072-SMS** |

## MODIFICATION TO AMENDED PLAN OF REORGANIZATION

COME NOW Suirad Group LLC ("Debtor"), Debtor and Debtor-in-Possession in the above-captioned case, and files this *Modification to Amended Plan of Reorganization* (this "Modification"). In support of this Modification, Debtor shows the Court as follows:

### BACKGROUND

1. On January 3, 2025 ("Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("Court"). Debtor elected treatment under Subchapter V of Chapter 11.

2. On September 30, 2025, Debtors filed their *Plan of Reorganization* (Docket No. 25). On January 6, 2025, Debtors filed their *Amended Plan of Reorganization* (Docket No. 40) (the "Plan").

### THE PLAN MODIFICATION AND LEGAL AUTHORITY

3. The changes described herein are to address the claims of the City of Atlanta Department of Watershed Management and clarify its treatment under the Plan. These modifications do not materially or adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto.

4. The Plan is hereby amended to add Section 6.5 to the Plan as stated below:

1

**Class 6.5: Secured Claims of the City of Atlanta Department of Watershed Management**

Class 6.5 consists of the Secured Claims of the City of Atlanta Department of Watershed Management ("Atlanta Watershed Management") (the "Class 6.5 Secured Claims"). Atlanta Watershed Management filed proofs of claim 6, 7 and 8 asserting secured claims in the amount of $1,076.63, $1,341.57, and $1,822.97, respectively (such amount owed to Atlanta Watershed Management and as allowed by the Court plus interest accruing pursuant to this Class 6.5 shall be referred to herein as the "Class 6.5 Secured Claim").

Additionally, Atlanta Watershed Management asserts administrative claims for unpaid post-petition services provided to the Debtor through and including confirmation being approximately $883.52 (the "Watershed Administrative Claims"). Debtor shall pay the Watershed Administrative Claims in a lump sum within fifteen (15) days of the Confirmation Date.

Interest shall accrue on the principal balance of the Class 6.5 Secured Claim at 7%. Debtor shall pay the Class 6.5 Secured Claims in 36 consecutive equal monthly payments of $130.96 each as provided in Paragraph 4.10.3.

In the event the Debtor defaults on payments pursuant Class 6.5 of the Plan or otherwise defaults under Class 6.5 of the Plan, Atlanta Watershed Management shall send a Default Notice in accordance with Article 2.3 of the Plan, which must contain the basis for declaring a default, and, in the event of a monetary default, the notice must state the amount necessary to cure the default and an address that will accept overnight deliveries, provided however that the Debtor shall be afforded only one opportunity to cure a default in any calendar year.  If Debtor does not cure the default in the period provided in Article 2.3 of the Plan, Atlanta Watershed Management shall be authorized to terminate, alter, discontinue and/or refuse service consistent with its established protocols and state law and city ordinance governing the same. Further, in the event of an uncured default in payment or performance: (i) the entire remaining unpaid principal balance together with earned unpaid interest shall be deemed accelerated without notice or demand of any kind, (ii) Atlanta Watershed Management shall have the right to terminate, alter, refuse and/or discontinue service subject only to applicable non-bankruptcy law, and seek such additional relief as may be appropriate in the Bankruptcy Court. The remedies provided herein are not exclusive and are in addition to any other remedy that is afforded by law and Atlanta Watershed Management may commence an action to enforce the same, with the Plan being treated and constituting a contract under Georgia law.

Atlanta Watershed Management shall retain its rights and remedies as a statutory lien creditor (pursuant to state law and city ordinance) as to unpaid charges for services provided to the Debtor with respect to any sale of the Debtor's real property pursuant to Section 4.9 of the Plan. Atlanta Watershed Management shall be paid by the Debtor from the sale proceeds with 10 days of the receipt of the same all unpaid principal amounts and earned interest/charges due Atlanta Watershed Management under the Plan (which amounts shall be due on sale).

Debtor shall be liable for and shall pay Atlanta Watershed Management all billed charges for post-petition services, which charges shall not be discharged pursuant to Sections 1192 or 1141 as applicable. If such invoices are not paid on or before the due date Atlanta Watershed Management may discontinue, terminate, alter or refuse services to the Debtor subject only to compliance with state law, city ordinance and Atlanta Watershed Management's established protocols. The rights and remedies of Atlanta Watershed Management relating to post-petition services (including nonpayment or any act or omission constituting cause for termination, discontinuing, refusing or altering service) shall remain unimpaired, undiminished and not limited in any way by the terms of the Plan, subject only to compliance by Atlanta Watershed Management with state law, city ordinance and established Atlanta Watershed Management  protocols.

Nothing herein shall constitute an admission as the nature, validity, or amount of claim. Debtor reserves the right to object to any and all claims for any reason.

The Claim of the Class 6.5 Creditor is Impaired by the Plan, and the holder of Class 6.5 Claims is entitled to vote to accept or reject the Plan.

5.      Except as expressly set forth in this Modification, all terms and provisions of the

Plan remain in full force and effect.

This 27th day of January, 2026.

**SUIRAD GROUP, LLC**

By:  */s/ Darius George*
Name: Darius George

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
*Attorney for Debtor-in-Possession*

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**SUIRAD GROUP, LLC,**<br><br>Debtor. | **CHAPTER 11**<br>**SUBCHAPTER V**<br><br>**CASE NO.  25-50072-SMS** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date indicated below the foregoing *Modification to Amended Plan of Reorganization* (the "Modification") was filed via the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the Modification to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Adriano Omar Iqbal**    adriano.o.iqbal@usdoj.gov
- **Lindsay P. S. Kolba**    lindsay.p.kolba@usdoj.gov
- **Ronald A. Levine**    rlevine@levineblock.com, rlevine682@gmail.com
- **Tamara M. Ogier (Sub V Trustee)**    tmo@orratl.com, jc@orratl.com;tmo@trustesolutions.net;ctmo11@trustesolutions.net
- **Maria A. Tsagaris**    maria.tsagaris@mccalla.com, BankruptcyECFMail@mccallaraymer.com;mt3@mccallaraymer.com;mccallaecf@ecf.courtdrive.com

I further certify that on the date specified herein below I cause to be served a copy of the Modification via first class United States mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery upon the parties listed below.

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 27th day of January, 2026.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300 | cmccord@joneswalden.com
*Attorney for Debtor-in-Possession*

4