**IT IS ORDERED as set forth below:**

**Date: June 3, 2026**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11**<br>**SUBCHAPTER V** |
| **SUIRAD GROUP LLC,** | |
| | **CASE NO.  25-50072-sms** |
| **Debtor.** | |

**ORDER APPROVING APPLICATION TO EMPLOY
REAL ESTATE BROKER, SUBJECT TO OBJECTION**

Suirad Group LLC ("Debtor") filed, on May 27, 2026, an *Application for Approval of Employment of Real Estate Broker* (Doc. No. 64) (the "Application")[1], seeking to employ Paul Hanna of Jones Lang LaSalle Brokerage, Inc. (the "Broker") as real estate agent and broker for the Debtor in this case.  No hearing is necessary on the Application absent the filing of an objection to it.  Pursuant to a certificate of service filed with or attached to the Application, the

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

Application has been served on the United States Trustee as required by Federal Rule of Bankruptcy Procedure 2014, and on lenders with an interest in all or substantially all of the Debtor's assets, any party that has filed a notice of appearance or request for notices in this case as of the date of the filing of the Application, and the twenty (20) largest unsecured creditors on the list filed by the Debtor pursuant to Federal Rule of Bankruptcy Procedure 1007(d). No further service of the Application is necessary.

The Application and an accompanying affidavit of Paul Hanna demonstrates preliminary that the Broker is disinterested. Accordingly, it is hereby

ORDERED that pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014, the Application is **GRANTED**, and Debtor is authorized to employ the Broker as its real estate broker during the Debtor's Chapter 11 case, subject to objection as provided for herein; and it is further

ORDERED that compensation may be paid to the Broker upon the terms set forth in the Application, to wit: 7% of the purchase price at the closing of any contract to sell the Real Property (the "Commission"); and it is further

ORDERED that any party in interest shall have twenty-one (21) days from the service of this Order to file an objection to the Application and/or the relief provided in this Order; and it is further

ORDERED that if an objection is timely filed, counsel for the Debtor will set the Application and set such objections for hearing pursuant to the Court's Open Calendar Procedures; and it is further

ORDERED that if no objection to this Order is timely filed, this Order shall be a final Order approving the application; and it is further

ORDERED that counsel for the Debtor shall, within three (3) days of the entry of this

Order, cause a copy of this Order to be served by first class mail, postage prepaid[2], on all parties

served with the Application, and shall file promptly thereafter a certificate of service confirming

such service.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
*Attorney for Debtor*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
cmccord@joneswalden.com

---

[2] First class mail service is not required if the recipient is a registered ECF user who has agreed to waive all other service in favor of ECF service pursuant to Bankruptcy Local Rule 5005-8, in which case ECF notification shall serve as the required service. The party certifying service should certify ECF service on such recipients.